# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE HOPINGS, | ) | CASE NO. 3:23-cv-00980 |
| | ) | |
| Petitioner, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | DARRELL A. CLAY |
| WARDEN KEITH FOLEY, | ) | |
| | ) | |
| Respondent. | ) | **MEMORANDUM OPINION & ORDER** |
| | ) | |

This matter is before the Court on the Report and Recommendation (R&R) of Magistrate Judge Darrell A. Clay. (R. 26). Petitioner Lawrence Hopings, *pro se*, filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 15, 2023. (R. 1). On July 13, 2023, Petitioner filed an Amended Petition raising four assignments of error. (R. 11). Respondent filed an Answer/Return of Writ on October 31, 2023. (R. 15). The Magistrate Judge, in the R&R, recommends dismissing portions of Ground One and the entirety of Ground Four as procedurally defaulted. He further recommends denying the rest of Ground One and the entirety of Grounds Two and Three as meritless. (R. 26, PageID# 1405).[1] Petitioner filed objections to the R&R. (R. 29). For the reasons set forth, Petitioner's objections are overruled, and the R&R is adopted.

**I. Standard of Review of a Magistrate Judge's Report and Recommendation**

The applicable standard of review of a magistrate judge's report and recommendation

---

[1] The R&R includes the recommendation that the Court deny Petitioner a certificate of appealability. (R. 26, PageID# 1405).

depends upon whether objections were made to that report. When objections are filed, as in this case, the district court conducts a *de novo* review:

> *Resolving Objections*. The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

## II. Procedural History

The Report and Recommendation contains a thorough and exhaustive recitation of the pertinent procedural history. (R. 26, PageID# 1406-16). Petitioner's objections do not identify any inaccuracies in this procedural history (R. 29). As such, the Court adopts this recitation, much of which comes from the last reasoned decision of the state appellate court.

## III. Analysis

**A. Procedural Default**

**1. Ground One (Partial Default)**

In Ground One of his Amended Petition, Petitioner argued his trial counsel's performance was defective, identifying over forty purported errors. (R. 11, PageID# 54-63). The Magistrate Judge observed that when Petitioner raised his ineffective assistance of appellate counsel claim on direct appeal, he raised only eight of those errors.[2] (R. 26, PageID# 1426-27).

---

[2] The R&R clarifies that only the following eight claims of ineffective assistance of counsel were raised on appeal to the Ohio Supreme Court: (1) failure to request a bill of particulars; (2) failure to cite any case law or effectively argue the motion to dismiss the indictment; (3) failure to move to dismiss based on a violation of his speedy-trial rights; (4) failure to raise a *Baston* challenge to the State striking an African-American juror; (5) failure to investigate and challenge the juror who asked the prosecutor whether Petitioner had "taken a plea so we can all go home;" (6) failure to challenge the testimony of a social worker; (7) failure to call available witnesses, who would have testified that L.S.'s allegations could not have happened; and (8) failure to interview L.S.

This Court has reviewed Petitioner's Memorandum filed before the Ohio Supreme Court and agrees that only eight of these errors were raised. (R. 16-1, PageID# 1149-52). Even these eight "arguments" were raised in a conclusory list-like manner without cognizable development. (*Id.*).

The Magistrate Judge correctly notes that a petitioner may procedurally default a claim by not raising it in state court *and* pursuing it at each level of the state courts' review. (R. 26 at 1426, citing *Baston v. Bagley*, 282 F.Supp.2d 655, 661 (N.D. Ohio 2003) ("Issues not presented at each and every level [of the state courts] cannot be considered in a federal habeas corpus petition.")). This Court agrees with the Magistrate Judge. As he determined in the R&R, Petitioner has procedurally defaulted those claims of ineffective assistance of counsel that were not among the eight raised before the Ohio Supreme Court. (R. 26 at 1426-27).

Petitioner's objections with respect to the procedural default findings of the Magistrate Judge are not altogether clear. He states: "Petitioner does contest the argument that none of the claims are procedural [sic] defaulted, of all claims and or grounds raised in his petition, was also raised in the lower court or presented in the lower court arguments / assignment of errors / proposition of law arguments." (R. 29, PageID# 1465). It would appear that Petitioner raises no issue with the determination that he has failed to present cause to excuse his default. Instead, he asserts the Magistrate Judge erred by finding that an assertion of actual innocence must be supported by new reliable evidence. (*Id.* at 1468).

The R&R is correct, however. This Court has similarly noted in the past that "[w]hile actual innocence may overcome the expiration of AEDPA's[3] statute of limitations or allow the Court to consider a defaulted claim, 'tenable actual-innocence gateway pleas are rare,' (citing

---

[3] The Antiterrorism and Effective Death Penalty Act of 1996.

3

*McQuiggin v. Perkins*, 569 U.S. 383 (2013)) and a petitioner must 'support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.'" *Taylor v. Haviland*, 2017 U.S. Dist. LEXIS 215394, at *33-34 (N.D. Ohio Dec. 21, 2017) (quoting *Schlup v. Delo*, 513 U.S. 298 (1995)).

Petitioner has failed to draw the Court's attention to any new, reliable evidence (*i.e.* exculpatory scientific evidence or trustworthy eyewitness accounts) that would satisfy the *Schlup* standard. Consequently, to the extent Petitioner objects to the finding that Ground One is partially defaulted, the objection is overruled.

### 2. Ground Four

In Ground Four, Petitioner argued his convictions for rape and sexual battery were allied offenses of similar import, and the jury did not find the separate nature of those offenses. (R. 11, PageID# 74-79). The State counters that Ground Four is procedurally defaulted through Ohio's contemporaneous objection rule, because Petitioner did not raise this argument at the sentencing hearing. (R. 15, PageID# 109-111).

The R&R correctly identifies the elements of a procedural default under *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). The Magistrate Judge has thoroughly addressed the elements, and the Court finds no error in the analysis or in the discussion and application of Ohio's contemporaneous objection rule, along with the state appellate court's enforcement of said rule. (R. 26, PageID# 1429-31).

The Court further finds no error in the discussion and finding in the R&R that Petitioner has failed to show cause for the default. (*Id*.). To the extent Petitioner asserts that counsel was ineffective for failing to raise such an objection at sentencing, such a claim is – as the R&R

4

correctly notes – defaulted. A claim of ineffective assistance – for failing to argue the offenses were allied offenses of similar import at or before sentencing – was *not* among the eight claims of ineffective assistance that Petitioner raised on direct appeal. The R&R correctly cites *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986) for the proposition that "a claim of ineffective assistance [must] be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default [of another claim]." (R. 26 at 1430). *See Murray,* 477 U.S. at 489.

The Court, therefore, overrules Petitioner's objections with respect to Ground Four.

**B.     Merits Review**

**1.   Ground One: Alleging Ineffective Assistance of Counsel**

In the R&R, the Magistrate Judge correctly outlined that the state appellate court, in applying the *Strickland* ineffective assistance of counsel standard, did not unreasonably apply the prejudice prong with respect to any of the eight alleged instances of ineffective assistance. (*Id.* at 1433-43). Petitioner's objections do not identify any perceived deficiency, error, or improper application of the law with respect to the merits-based analysis of Ground One.

Petitioner's objection merely rehashes his allegations of ineffective assistance, and in a rather short and conclusory manner at that. "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *accord Austin v. Comm'r of Soc. Sec.*, 2021 U.S. Dist. LEXIS 75330, 2021 WL 1540389, at *4 (N.D. Ohio Apr. 19, 2021) (finding a general objection, which merely restates a previous argument or simply voices disagreement with a magistrate judge's suggested resolution "has the same effects as would a failure to object" (citation omitted)).

Having reviewed the state appellate court's analysis of the asserted claims of ineffective

assistance of counsel, the Court agrees with the conclusions in the R&R. The state court did not unreasonably apply the law. Therefore, the Court adopts the R&R with respect to Ground One.

2. **Ground Two: Alleging Ineffective Assistance for Failing to Challenge the Seating of Juror 12**

Ground Two of the Amended Petition essentially reiterates one of the alleged eight omissions of trial counsel. Specifically, Petitioner argues counsel was ineffective for not objecting to the seating of Juror 12 or investigating whether other jurors were prejudiced by a comment she made. (R. 11, PageID# 57, 63-68; R. 24, PageID# 1391, 1395-96).

As set forth in the state appellate court's opinion and the R&R, after the jury was initially selected and upon returning from a recess, Juror 12 asked the prosecutor in the hallway the following question: "did [Petitioner] take a plea so we can all go home?" (R. 26, PageID# 1408, citing *State v. Hopings*, 2022 WL 1439828, 2022-Ohio-1532 at ¶11 (Ohio Ct. App. May 6, 2022)).[4] The parties agreed to conduct an in-chambers voir dire of Juror Number 12 to determine whether this statement impacted her ability to continue serving on the jury. *Id*. The state appellate court ultimately determined that:

> Our review of the record, including Juror Number 12's responses during the initial voir dire and her responses to questions in chambers, reveals no evidence that appellant's trial counsel's desire to keep her on the jury fell below an objective standard of reasonable representation. Juror Number 12 stated that she could be fair and reasonable despite her statement to the prosecutor. Appellant's counsel, who was in the best position to determine whether Juror Number 12's service on the jury would benefit appellant, explicitly stated that he had considered all of Juror Number 12's responses during voir dire in determining that she could remain fair and impartial despite her allegedly biased remark. We find nothing in the record to suggest that trial counsel's decision was anything more than trial strategy. Therefore, appellant has not established that counsel's performance was deficient.

---

[4] The prosecutor believed that other members of the jury may have been present when Juror 12 made the comment but stated that he needed to see the panel again before he could confirm any of their identities. After viewing the jury, he was unable to determine if any other jurors were present. (R. 26, PageID# 1408, citing *Hopings*, 2022-Ohio-1532 at ¶11).

6

(R. 26, PageID# 1438, citing *Hopings*, 2022-Ohio-1532 at ¶40).

The Court agrees with the Magistrate Judge's conclusion that the state appellate court's "determination was not an unreasonable application of the *Strickland* standard." He correctly notes that trial counsel "enjoys particular deference when conducting voir dire and an attorney's actions during voir dire are considered matters of trial strategy." (*Id.*, citing *Hughes v. United States*, 258 F.3d 453, 457 (6th Cir. 2001)).

Petitioner's (verbatim) assertion that "a juror making suggestion of hurrying the proceeding makes more of a biased juror was present, and should have been removed, regardless of stating she could be fair, **because you can never challenge someone mind**, "fails to identify any error by the Magistrate Judge, and it amounts to little more than his own opinion. (See R. 29, PageID# 1473-74) (emphasis in original).

Therefore, Petitioner's objections with respect to Ground Two are overruled.

3. **Ground Three: Alleging Speedy Trial Violation**

In his third ground for relief, Petitioner maintains that the State violated his speedy-trial rights because he spent more time in pretrial detention than what is allowed under Ohio law (270-day maximum). (R. 11 at PageID# 68-74). At the outset, the Court wholly agrees with the Magistrate Judge that to the extent Petitioner's third ground for relief argues a violation of Ohio's speedy-trial statute, such a claim is not cognizable. (R. 26, PageID# 1444, n. 4, citing *Hopkins v. Banks*, No. 1:09-CV-0387, 2010 WL 5644827, at *4 (N.D. Ohio Dec. 14, 2010) ("When a petitioner in a federal habeas corpus proceeding asserts the denial of his right to a speedy trial as a violation of state law, the claim is not cognizable.") (Pearson, J.)

7

(citations omitted)).[5]

Petitioner asserts that "[b]ecause appellant was held in jail in lieu of bail, the triple counting provision [found] in [O.]R.C. § 2945.72(E) applies." (R. 29, PageID# 1474). This objection misses the mark, as a speedy trial claim based on an Ohio statute is not cognizable upon federal habeas review. As Petitioner's objections to the R&R's Ground Three determinations are rooted entirely on his mistaken impression that Ohio's speedy trial statute applies, Petitioner's objections are overruled.

Finally, the Court has reviewed the R&R's determination with respect to a federal speedy trial claim. (R. 26, PageID# 1448-56). The Court agrees with the Magistrate Judge that nothing in the state appellate court's analysis amounted to an unreasonable application of the four-factor balancing test found in *Barker v. Wingo*, 407 U.S. 514 (1972). (*Id*. at 1452). Both the state appellate court and the Magistrate Judge reasonably determined that the vast majority of the delay was occasioned by Petitioner's repeated requests for a continuance. (*Id.* at 1453-55, citing R. 16-1, PageID 1136-37). Even though Petitioner faults his own counsel for those continuances, the analysis does not change. As the Magistrate noted, the U.S. Supreme Court has held:

> Because the attorney is the [defendant's] agent when acting, or failing to act, in furtherance of the litigation, delay caused by the defendant's counsel is also charged against the defendant….The same principle applies whether counsel is privately retained or publicly assigned, for [o]nce a lawyer has undertaken the representation of an accused, the duties and obligations are the same whether the lawyer is privately retained, appointed, or serving in a legal aid or defender program…..Except for the source of payment, the relationship between a defendant and the public defender representing him is identical to that existing between any other lawyer and client. Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor.

---

[5] *See also Norris v. Schotten*, 146 F.3d 314, 328 (6th Cir. 1998) ("It is especially inappropriate for a federal habeas court to set aside a state court's ruling on an issue of state law where, as in the present situation, Ohio's appellate courts on direct appeal have already found appellant's claim of a violation of his statutory right to a speedy trial to be meritless.").

8

*Vermont v. Brillon*, 556 U.S. 81, 90-91 (2009) (citing *Polk County v. Dodson,* 454 U.S. 312 (1981); *accord United States v. Schuster*, 135 F.4th 1037, 1051 (6th Cir. 2025) and *Coleman v. Thompson,* 501 U.S. 722, 753 (1991) (internal citations and quotation marks omitted)).

Therefore, the Court agrees with the findings in the R&R. The Magistrate Judge correctly applied the law, and therefore, Ground Three is meritless.

### IV. Conclusion

The Court has carefully reviewed the R&R and Petitioner's objections. In accordance with the aforementioned standards, the Court finds no error and agrees with the findings set forth therein. The Court concurs that Petitioner's grounds for relief are either procedurally defaulted (without cause to excuse the default) or lacking in merit.

Therefore, the Magistrate Judge's Report and Recommendation (R. 26) is hereby ADOPTED, and Petitioner's objections (R. 29) are OVERRULED. The matter is hereby DISMISSED.

Further, the Court certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §§ 1915(a)(3), 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

Date: February 10, 2026  *David A. Ruiz*
David A. Ruiz
United States District Judge